Appeal from special term, New York county.
Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.
*Philip Carpenter*, for appellant.   *William J. Weldon, pro se.*

VAN BRUNT, P. J.   The opinion in the case of *Tuck* v. *Manning*, *ante*,. 140, disposes of the appeal in this case.   The order must be reversed, and an order of substitution granted, without costs.   All concur.

---

## WILSHIRE *v.* MANNING, Appellant.

*(Supreme Court, General Term, First Department.   July 9, 1889.)*

Appeal from special term,· New York county.
*Philip Carpenter*, for appellant.   *William J. Weldon, pro se.*

VAN BRUNT, P. J.   The opinion in the case of *Tuck* v. *Manning*, *ante*,. 140, disposes of the appeal in this case.   The order must be reversed, and an order of substitution granted, without costs.   All concur.

---

## ROE et al., Appellants, *v.* STRONG, Respondent.

*(Supreme Court, General Term, Second Department.   July 2, 1889.)*

Appeal from circuit court, Suffolk county.
Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.
*Roe & Macklin*, (*John J. Macklin*, of counsel,) for appellants.   *Strong & Spear*, (*A. A. Spear*, of counsel,) for respondent.

DYKMAN, J.   This action was brought to procure the removal of a bridge, which the plaintiff claimed was erected upon his property; and it has been twice tried.   The first trial resulted in a dismissal of the complaint, and that. judgment was reversed by the general term, and a new trial was granted..

The second trial was before a judge without a jury, and he rendered judgment in favor of the plaintiff, which was affirmed by the general term, and reversed by the court of appeals, (14 N. E. Rep. 294,) and another new trial ordered. Such new trial has now been had, and it resulted in a dismissal of the complaint in obedience to the requirement of the decision of the court of appeals, as that decision was understood by the trial judge. So far as we can see, the case made by the plaintiff is no better than it was when it was in the court of appeals, and in our view that decision is yet controlling, and must be so, unless the court of appeals shall determine otherwise. The judgment should therefore be affirmed, with costs. All concur.